Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6424 | **DATE** | MAR 2 0 2001 |
| **CASE TITLE** | Richard Holman, #N-06132 vs. James Chrans, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons set forth in the accompanying Memorandum Opinion and Order, the defendants' motion to dismiss [#14] is granted. The complaint is dismissed without prejudice as to the plaintiff's conspiracy claim and as to the defendants Churchich and Haine pursuant to Fed. R. Civ. P. 12(b)(6). Churchich and Haine are terminated as defendants. The plaintiff may proceed only against the state official defendants.

(11) ■ [See attached Memorandum Opinion and Order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 2 2 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 18 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| mjm | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 2 2 2001

RICHARD HOLMAN, #N-06132,           )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )   NO. 00 C 6424
                                    )
JAMES CHRANS, et al.                )   HONORABLE JAMES B. ZAGEL
                                    )
        Defendants.                 )

## MEMORANDUM OPINION AND ORDER

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985. The plaintiff claims that the defendants, correctional and law enforcement officials, have violated the plaintiff's constitutional rights by conspiring against him, by discriminating against him on the basis of his race, and by retaliating against him for exercising his First Amendment rights. More specifically, the plaintiff alleges that he has been denied a transfer to a medium security prison because he has filed numerous grievances and lawsuits, because he refused to cooperate in a criminal investigation, and because he is black. This matter is before the court for consideration of certain defendants' motion to dismiss. For the reasons stated in this order, the motion will be granted.

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *reh'g denied*, 405 U.S. 948 (1972); *see also*



*McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Autry v. Northwest Premium Services, Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Jones v. Edgar*, 3 F.Supp.2d 979, 980 (C.D. Ill. 1998). Nevertheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992), *cert. denied*, 506 U.S. 893 (1992).

## FACTS

Although the somewhat meandering complaint is not broken down into separate counts, the court discerns three separate causes of action, all relating to the denial of a prison transfer. The plaintiff alleges the following facts, which will be accepted as true for purposes of this motion:

### Count I: Retaliation By State Officials

Count I appears to be directed at state correctional officials. The plaintiff indicates that he has filed a number of grievances and lawsuits. It is "common," he says, for prisoners with the plaintiff's classification to be placed in medium security facilities; however, the plaintiff's multiple requests for transfer to a medium security correctional center in southern Illinois have been denied at all levels of review. The plaintiff contends that correctional officials have refused to place him in a medium security facility on account of his grievances and lawsuits.

### Count II: Conspiracy Between County and State Officials

The plaintiff has been convicted of, and is currently serving a sentence for, an unidentified crime of which he was convicted in Madison County. On an unspecified date or dates, Madison County detectives attempted to interview the plaintiff about unsolved murders in the county. The detectives were purportedly sent by Madison County Sheriff Robert Churchich and Madison County State's Attorney William Haine. The plaintiff refused to speak to the detectives. The detectives warned the plaintiff that they had the ability either to help him obtain a transfer to a medium security facility in southern Illinois or, if the plaintiff refused to cooperate, make sure that he would not be placed in a medium facility. The plaintiff believes that Madison County officials and the State of Illinois defendants have engaged in a "mutual understanding" not to transfer him.

3

Count III: Race Discrimination

The plaintiff additionally contends that "the defendants' conduct was racially motivated. . . . Plaintiff would not have been conspired against and retaliated against had he not been a Black man."

## DISCUSSION

The plaintiff's conclusory allegations fail to state a claim against the defendants Churchich and Haine. Neither the complaint nor the plaintiff's brief opposing dismissal contain any facts to support his claim that a conspiracy existed. The plaintiff's subjective belief, without any facts to buttress his suspicions, is insufficient to state a colorable cause of action for conspiracy.

The complaint fails to state facts indicating either Churchich or Haine's direct, personal involvement, as required by *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Nor has the plaintiff provided facts showing that the alleged violation of his constitutional rights occurred at either defendant's direction or with his knowledge and consent. *Id.* "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Washington*, 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied*, 520 U.S. 1230 (1997) (citations omitted).

The mere fact that Churchich is the sheriff of Madison County and Haine its state's attorney is insufficient to establish liability, as the doctrine of *respondeat superior*

4

(supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Supervisors cannot be held liable for the errors of their subordinates. "Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Jones v. Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). To be held liable under 42 U.S.C. § 1983, a supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. . . ." *Gentry*, 65 F.3d at 561 (citations omitted). In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Id.*

The plaintiff contends that detectives threatened to prevent his transfer to a medium security correctional facility, but he has provided no facts whatsoever to support an inference that Churchich and Haine were behind the threats. Moreover, even assuming *arguendo* that the defendants did authorize the threats, nothing in the complaint suggests that either defendant in fact had the ability to influence state correctional officials in transfer decisions. To the contrary, the complaint states that the transfer request was denied at every level of review. There is no logical basis for an inference that Madison County officials were able to convince institutional grievance officials, correctional administrators at the Joliet Correctional Center, and the Chairperson of the Administrative Review Board in Springfield that the transfer should be denied.

Mere conclusory allegations of a conspiracy, such as those found in this case, are insufficient to survive a motion to dismiss. *See, e.g., Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999); *see also Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir.), *cert. denied*, 525 U.S. 930 (1998). Here, the plaintiff repeatedly cries conspiracy, but the complaint lacks any basis from which a conspiracy could be inferred. There is no foundation for connecting the detectives' purported threats to the named defendants, nor is there any justification for making the second leap of logic that the county defendants somehow induced state officials to deny the plaintiff's transfer requests. Even construing the *pro se* plaintiff's complaint liberally, "conclusory allegations [of conspiracy] unsupported by any factual assertions will not withstand a motion to dismiss." *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981), *aff'd*, 460 U.S. 325 (1983); *see also Kunik v. Racine County*, 946 F.2d 1574, 1580 (7th Cir. 1991) (allegations of a conspiracy "must further be supported by some factual allegations suggesting a 'meeting of the minds'"). Mere conjecture that there has been a conspiracy is not enough to state a claim. "A complaint inadequately alleges conspiracy when the facts it alleges are vague, conclusionary and include no overt acts reasonably related to the promotion of the alleged conspiracy." *Kunik*, 946 F.2d at 1580.

The plaintiff provides no information from which the court conclude that there may have been a meeting of the minds among the state and county defendants. For that matter, the plaintiff's assertion that he was denied a transfer due to the efforts of Madison

6

County officials, if true, would seem to completely contradict his claim that state officials denied his transfer requests on account of retaliatory animus. The plaintiff's conspiracy claim is without substance.

Turning to the plaintiff's two-sentence race claim, the complaint is insufficient to state a claim against the county defendants. The plaintiff asserts, "The defendants' conduct was racially motivated because of the plaintiff's race. Plaintiff would not have been conspired against and retaliated against had he not been a Black man." Again, the plaintiff's race claim is inconsistent with his other claims–he is mounting multiple, conflicting challenges to the transfer denial. Regardless, because the plaintiff has failed to articulate a colorable conspiracy claim, he cannot proceed on a claim that the alleged conspiracy was race-based.

For the foregoing reasons, the county defendants' motion to dismiss is granted. Pleading the ultimate fact of conspiracy is insufficient even under liberal federal pleading standards. Because the plaintiff has provided no facts to substantiate his claim that the Sheriff and State's Attorney of Madison County entered into a conspiracy with state correctional officials, his unfounded accusation must be dismissed.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss (docket #14) is granted. The complaint is dismissed without prejudice as to the defendants Churchich and Haine pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim against those individuals. The plaintiff's conspiracy claim is also dismissed pursuant to

Fed. R. Civ. P. 12(b)(6). The plaintiff may proceed only against the defendant state officials.

Enter:

James B. Zagel
United States District Judge

Date: 20 March 2001